Edward E. **WALLEN**, et al., Appellants,

v.

The **STATE** of Texas, Appellee.

No. 13863.

Court of Appeals of Texas, Austin.

Sept. 19, 1984.

David B. Dickinson, Houston, for appellants.

Jim Mattox, Atty. Gen., Gilbert J. Bernal, Jr., Asst. Atty. Gen., Austin, for appellee.

Before PHILLIPS, C.J., and EARL W. SMITH and GAMMAGE, JJ.

PHILLIPS, Chief Justice.

Appellant Edward E. Wallen appeals from the judgment of the trial court which, following a nonjury trial, decreed that the State of Texas recover from Wallen and his bonding company for gross receipts taxes found due and unpaid. We affirm.

In a prior opinion we severed and affirmed that portion of the trial court's judgment which adjudicated the bonding company's liability. 667 S.W.2d 621. We abated Wallen's appeal to allow Wallen to request further, additional, or amended findings under Tex.R.Civ.P.Ann. 298 (1977). Wallen's subsequent request for additional findings of fact was denied by the trial court.

As explained in detail in our prior opinion, the trial court entered judgment against Wallen based upon a prior interlocutory default judgment (which the trial court had entered against Wallen). Wallen subsequently filed an answer; the answer was filed the same day that trial was had on the State's claim against the co-defendant bonding company.

Wallen appeared at this trial. He contended that he was served with citation at a time after he filed a bankruptcy petition but prior to discharge from bankruptcy. The trial court limited Wallen's presentation of evidence to matters relevant to such contention.

We determined that *if* Wallen was served at a time after he filed a bankruptcy petition, but prior to discharge from bankruptcy, that the service and citation were without legal force and effect and that the trial court erred in rendering a final judgment against him based upon the interlocutory default judgment. We concluded that the evidence raised a fact question regarding the dates that Wallen filed for and was discharged from bankruptcy (as well as regarding whether or not he ever filed for bankruptcy).

Wallen requested, *inter alia*, that the trial court find that "Wallen had filed for bankruptcy in April, 1981, prior to service of citation upon him on June 17, 1981." Wallen also requested that the trial court find that "Wallen obtained a discharge in bankruptcy on September 10, 1981."

█ The trial court's refusal to make the requested findings must be treated as implied findings against Wallen's contentions. We have already held that the requested findings were not conclusively established by the evidence. The finding against Wallen's contention is not against the great weight and preponderance of the evidence. *Thompson v. Lee Ray Crawford Produce Co.*, 233 S.W.2d 295 (Tex.1950); *Sauer v. Johnson*, 520 S.W.2d 438 (Tex.Civ.App. 1975, writ ref'd n.r.e.). We conclude that citation was properly served upon Wallen.

█ Wallen complains that the trial court erred by "entering judgment against Wallen based upon improperly certified documents ...." We disagree. The trial court entered a "no-answer default judgment"; Wallen has "admitted" the facts

pleaded and the justice of the State's claim. *Stoner v. Thompson*, 578 S.W.2d 679 (Tex. 1979); *see Fears v. Mechanical & Indus. Technicians*, 654 S.W.2d 524 (Tex.App. 1983, no writ). The relief sought in the State's petition was the relief granted by the interlocutory default judgment. The trial court did not err by entering judgment against Wallen.

We have considered all of Wallen's points of error and find them to be without merit. The trial court's judgment is in all things affirmed.