**LOOMIS INTERNATIONAL, INC., Appellant,**

v.

**Lloyd E. RATHBURN and Bruno Dale Wisnieski, Appellees.**

No. 13–84–383–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 10, 1985.

Douglas W. Sanders, Houston, Paul Webb, Wharton, for appellant.

D. Craig Oliver, Houston, for appellees.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from an order denying appellant's application for temporary injunction.

Appellant brought this suit against two former employees for alleged violations of employment agreements. The agreements, identical in terms and executed by each appellee, provided that the employee should not engage in the type of business conducted by appellant within the geographical limits described for a period of two years immediately following termination of the employment contract. In addition, the agreements prohibited appellees from disclosing or using any trade secrets, technical or business information acquired from the company after termination of the employment relationship.

A hearing was held on the question of the propriety of granting a temporary injunction pending final disposition of the claim for a permanent injunction and damages. At the conclusion of appellant's case and upon motion by appellees, the trial court denied all requested temporary relief.

In its findings of fact and conclusions of law, the trial court found that appellees were employed as operators in Loomis' pipe testing business beginning on August 25, 1980 and November 1, 1982, respectively; that at the beginning of their employment they entered into the written employment agreements alleged; that they resigned their employment with appellant while working from its El Campo office on February 20, 1984 and March 14, 1984, respectively; and that thereafter, they began working with Redneck Testers, a competitor of appellant. No challenge is made to these findings.

In its conclusions of law, the trial court found that the two-year period of non-competition set forth in the agreements was reasonable but that the 500 mile radius described in such contracts was not reasonable. Conclusion of law number 3 is, "[t]he Plaintiff (Loomis) failed to show irreparable injury if the Temporary Order was denied in that the Defendants' (appellees) employment duties for Plaintiff or Redneck were not of a sensitive or confidential nature, but merely operational."

In its first six points of error, appellant asserts that the trial court abused its discretion in denying the temporary injunction because the evidence clearly demonstrates appellant was entitled to such relief and the relief requested was reasonable.

Appellant's reply brief raises questions concerning the scope of our review in this matter. It contends that the trial court rejected proposed findings of facts submitted by appellees and that this Court is bound to consider the rejected findings against appellees.

■ Included in the transcript are numerous proposed findings of fact which appellant claims were submitted by appellees for adoption by the court. Our review of these documents does not reveal who submitted them to the trial court. No markings indicate they were filed, although the Clerk has certified that they are part of the

proceedings in this case. The documents are entitled "Findings of Fact and Conclusions of Law" and "Amended Findings of Fact and Conclusions of Law." They contain 49 and 62 specific items of either affirmative or negative findings. They are not signed by either the judge or the attorneys for either of the parties. Appellant contends that instead of entering any or all of these proposed findings, the trial court made its own findings. Appellant argues that by so doing, the court rejected all the matters set out in the 111 items listed in the two documents under discussion. Even if we could assume that appellant's version of how these documents came into the record is correct and that the trial judge took the action related by appellant, it does not follow that the inaction of the trial judge is tantamount to a rejection of every fact or inference contained in such documents. We believe the statement quoted by appellant from *Wallen v. State*, 677 S.W.2d 789, 790 (Tex.App.—Austin 1984, no writ) that "The trial court's refusal to make the requested findings must be treated as implied findings against Wallen's contentions," has no application to our case. In *Wallen,* there were only two requested findings and they were on factual matters which involved no judgment or discretion. In addition, *Wallen* was a suit to recover unpaid taxes, a type of action where the trial court is required to make findings of fact when requested to do so, TEX.R. CIV.P. 297. In an appeal from an interlocutory order, the trial court is authorized, but not required, to make findings of fact and conclusions of law. *Humble Exploration Co. v. Fairway Land Company*, 641 S.W.2d 934, 937 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). There are many reasons why the trial court could refuse to make the specific findings under consideration here. The most obvious is stated above. He is not required to do so. In addition, many of the matters involved are evidentiary and not conclusive or ultimate issues. Ultimate and controlling issues are the only ones upon which a trial court is ever required to make findings. *Lettieri v. Lettieri,* 654 S.W.2d 554, 556 (Tex.App.—Ft. Worth 1983, writ dism'd); *Jackson v. Jackson,* 552 S.W.2d 630, 633 (Tex.Civ.App.—Austin 1977, no writ).

In injunction cases, the better rule is that the Court of Appeals is not limited to either the trial court's stated reasons or its findings of fact and conclusions of law when reviewing the appropriateness of the trial court's ruling. *Erickson v. Rocco,* 433 S.W.2d 746 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). In fact, the scope of review is clearly set out in *Erickson,* as follows:

> In an appeal from a judgment granting or denying a temporary injunction, the Appellate Court is required to review the evidence, and to draw legitimate inferences from the facts in evidence, in the light most favorable to the trial court's judgment. If such a review of the evidence will support any findings of fact that would in turn, support the trial court's judgment, those findings are implied in the judgment itself. (see cases cited in opinion).

433 S.W.2d at 750.

*See also Corpus Christi Classroom Teachers Association, et al. v. Corpus Christi Independent School District, et al.,* 535 S.W.2d 429 (Tex.Civ.App.—Corpus Christi 1976, no writ).

The applicant seeking the temporary injunction has the burden to establish a probable right to prevail on the merits and probable irreparable injury. *Ben Wheeler Independent School District v. County School Trustees of Van Zandt County,* 414 S.W.2d 477, 479 (Tex.Civ.App. —Tyler 1967, writ ref'd n.r.e.). Temporary injunctions are not issued on mere surmise, therefore, if an applicant has not discharged his burden of establishing probable injury, he is not entitled to the extraordinary relief he seeks. *Hallmark Personnel of Texas, Inc. v. Franks,* 562 S.W.2d 933, 936 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). A judgment granting or denying a temporary injunction will not be reversed unless the appellate court is convinced that the trial court's ruling consti-

tutes a clear abuse of discretion. *Sun Oil Company v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968); *Diesel Injection Sales & Service v. Renfro*, 656 S.W.2d 568, 571 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Based on the record before us, we cannot say that the trial court abused its discretion in denying Loomis' application for temporary injunction.

■ The evidence at the hearing in this case showed that the owner of Redneck Testers, the company by which each of appellees were employed at the time of the hearing, was the former president of appellant. He was not bound by a non-competition agreement. At least one other Loomis ex-employee was employed by Redneck and was not bound by a non-competition agreement. We find that there is sufficient evidence in the record to justify the trial court's conclusion that appellees' duties were merely operational and not of a sensitive or confidential nature and that appellant failed to show irreparable injury. It was within the discretion of the trial court to conclude that in denying the temporary injunction, any harm to appellant would be slight in comparison to the harm of deprivation of appellees' ability to earn a living. *See Erickson v. Rocco*, supra. We hold the court did not abuse its discretion in denying appellant's application for temporary injunction. Points of error one through six are overruled.

In its seventh point of error, appellant complains of the trial court's granting judgment for appellee at the close of appellant's case in chief and prior to appellees either presenting their case or resting without presenting evidence.

At the close of appellant's presentation, counsel for appellee orally moved for an "instructed verdict." He then presented arguments to the court that appellant had not met the burden of showing that the temporary injunction should issue. Appellant's counsel then responded that the burden had been met and the case law required the issuance of the injunction. After several rejoinders by counsel for both sides, appellant's counsel concluded by stating, "Your Honor, we will stand on prior argument and evidence submitted." The trial court then denied the motion for temporary injunction.

In support of its position in its seventh point of error, appellant refers us to our recent decision in *R.W.M. v. J.C.M.*, 684 S.W.2d 746 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). In that case, we re-iterated the rule that the granting of a defendant's motion for judgment at the close of plaintiff's case is proper only if the granting of an instructed verdict would have been proper in a jury trial, that is, only if no material fact issue has been raised. (We note, here, that appellees' motion for "instructed verdict" can be considered as a motion for judgment. *Kennedy v. Kennedy*, 619 S.W.2d 409, 410 (Tex. App.—Houston [14th Dist.] 1981, no writ)).

This rule has its origins in TEX.R.CIV.P. 262 which provides "that the rules governing the trial of causes before a jury shall govern in trials by the court insofar as applicable." By its own terms, this rule contemplates instances in which rules governing jury trials will not be applicable in trials before the court. This is one of those instances.

■ A hearing on a temporary injunction is an emergency proceeding which does not lend itself to many of the formal rules of a full scale trial on the merits. For example, the requirements of notice are less stringent; TEX.R.CIV.P. 686; *Long v. State*, 423 S.W.2d 604, 605 (Tex. Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). The elements which entitle a party to a temporary injunction are less stringent than those which entitle a party to prevail on the merits. *See Diesel Injection Sales and Service, Inc. v. Gonzalez*, 631 S.W.2d 193, 194 (Tex.App.—Corpus Christi 1982, no writ). Perhaps of most importance, there is no right to a jury at a hearing on the application for temporary injunction. *Walling v. Kimbrough*, 365 S.W.2d 941, 943 (Tex.Civ.App.—Eastland 1963, aff'd 371 S.W.2d 691 (Tex.1963). If a party is not entitled to a jury at such a

hearing, no reason exists to apply the rules governing jury trials to such proceedings.

The only issue to be determined on a hearing for temporary injunction is whether the applicant is entitled to preserve the status quo of the subject matter pending final disposition of the cause on its merits. *Transport Company of Texas v. Robertson Transports*, 261 S.W.2d 549, 552 (Tex.1963). If, at the close of applicant's presentation, the judge, in the proper exercise of his discretion, has not been persuaded that the applicant is entitled to the relief requested, he is entitled to deny the application.

This is the reverse of the situation presented in *Gibson v. Shaver*, 434 S.W.2d 462 (Tex.Civ.App.—Tyler 1968, no writ); and *Ortel v. Gulf State Abrasive Manufacturing, Inc.*, 429 S.W.2d 623 (Tex.Civ. App.—Houston [1st Dist.] 1968, no writ). These cases hold that the right of a defendant to notice in a temporary injunction proceeding also includes the right for such defendant to be heard at the hearing. This, of course, is a basic right in all but the most summary of proceedings. *Compare* TEX.R.CIV.P. 681 *with* TEX.R.CIV.P. 680.

The case of *Hallmark Personnel of Texas, Inc. v. Franks*, 562 S.W.2d 933 (Tex. Civ.App.—Houston [1st Dist.] 1978, no writ), lends support to our holding in the instant case. That case dealt with a suit by an ex-employer to temporarily enjoin the misappropriation of trade secrets by a former employee. At the close of the employer's case, the trial court granted the ex-employee's motion to deny the application for temporary injunction, which in effect granted a motion for judgment. In affirming the decision of the trial court, the Court of Appeals considered the merits of the trial court's ruling and held that when, at the close of an employer's case, the employer cannot establish what harm, if any, it will sustain by reason of the ex-employee's use of certain technology, injunctive relief must be denied. *Hallmark Personnel* at 936. The court in *Hallmark Personnel* was faced with a situation identical to the

one in the instant case and the rule regarding instructed verdicts in jury trials was not applied. Appellant's seventh point of error is overruled.

The judgment of the trial court is AFFIRMED.