hamilton v. mcclure 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 





NO. 3-92-170-CV





HOWARD HAMILTON,



 APPELLANT


vs.





PAT MCCLURE d/b/a P.J.'S CONTENTS CLEANING AND THE BENEKE COMPANY,



 APPELLEES



 



FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY



NO. 193,116, HONORABLE MICHAEL J. SCHLESS, JUDGE PRESIDING


 





 The opinion of the court dated December 9, 1992, is withdrawn and this opinion
is substituted therefore.

 Pat McClure brought suit to recover from Howard Hamilton expenses she incurred
while cleaning items damaged by a fire that ravaged his home. Hamilton impleaded the Beneke
Company ("Beneke"), asserting claims of breach of contract, negligence, and violation of the
Deceptive Trade Practices--Consumer Protection Act ("DTPA"). (1) In a bench trial, the court
awarded McClure the damages she sought and denied Hamilton any recovery against Beneke. It also denied Beneke's counterclaim alleging Hamilton had brought his suit in bad faith and for
purposes of harassment. 

 Hamilton appeals this judgment, raising twenty-five points of error. All but the
last attack the legal and factual sufficiency of the evidence, or claim that the court's findings were
incorrect as a matter of law and against the great weight and preponderance of the evidence. 
Beneke claims by cross-point that it was entitled to attorney's fees. We will affirm the trial
court's judgment.

 Hamilton hired Beneke, a public adjuster, to represent him in dealings with his
insurance company after his residence was damaged by a fire. On January 6, 1989, at the request
of Beneke's agent, McClure and her crew arrived at Hamilton's house. She informed Hamilton
of her willingness to remove any objects that could be cleaned and thus saved from total loss. 
Beneke's agent explained to Hamilton the insurance company required a homeowner to salvage
all property that he could. Hamilton was displeased upon hearing this information; he did not
want to salvage any property, wishing instead to declare a total loss. Nevertheless, he permitted
McClure to remove his damaged property for cleaning. When his insurance company sent a check
in settlement of his claim, it designated that a portion of the money should be paid to McClure. 
Hamilton refused to send any amount to McClure. She subsequently brought the present action,
claiming Hamilton had breached their verbal agreement by failing to pay for moving, storing, and
cleaning services she had performed on his behalf.

 The record contains no findings of fact or conclusions of law. Therefore, all
necessary findings to support the trial court's judgment will be implied. (2) These implied findings,
like jury findings, may be attacked by evidentiary challenges. Noble Exploration, Inc. v. Nixon
Drilling Co., 794 S.W.2d 589, 590 (Tex. App.--Austin 1990, no writ). 

 In deciding a legal sufficiency challenge, we must consider only the evidence and
inferences tending to support the finding of the trier of fact and disregard all evidence and
inferences to the contrary. Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986), cert.
denied, 111 S. Ct. 135 (1990); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). If the point
of error attempts to overcome an adverse fact finding as a matter of law and no evidence supports
the finding, we must then examine the entire record to see if the contrary proposition is
conclusively established. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). When
reviewing the factual sufficiency of the evidence, we must consider and weigh all the evidence and
should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); see generally
William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence,"
69 Tex. L. Rev. 515 (1991).

 In Hamilton's first two points of error, he complains about the trial court's finding
that he had a contract with McClure. (3) McClure claims that an implied contract for her services
existed. An implied contract is formed by conduct. Preston Farm & Ranch Supply, Inc. v. Bio-Zyme Enters., 625 S.W.2d 295, 298 (Tex. 1981). An element of mutual agreement must be
shown by the circumstances of the case. Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros.
Welding Co., 480 S.W.2d 607, 609 (Tex. 1972). 

 The record contains sufficient evidence to support the existence of such a contract. 
McClure spent all day loading Hamilton's property on her truck, while he stood by and debated
with her which items were salvageable. Hamilton made no attempt to dissuade her from
continuing her work, nor did he instruct her not to clean the objects she removed. Such
circumstances could support the trial court's finding that an implied agreement for McClure's
services existed. Furthermore, McClure's claim in her petition for quantum meruit damages has
not been challenged by Hamilton on appeal. For both these reasons, we overrule Hamilton's
points one and two.

 Hamilton's third through sixth points of error challenge the damages awarded
McClure. He claims first that the evidence was insufficient to support the reasonableness and
necessity of McClure's charges. Her testimony, however, clearly addressed this issue. She
testified that her charges were typical ones by her company. She described how she calculated
her fees and explained that her cleaning of Hamilton's property was necessary because the
insurance company required such measures. 

 Next, Hamilton asserts that expert testimony was required to prove the
reasonableness of McClure's expenses. Hamilton's objection at trial, however, was that McClure
could not testify about her expenses because she had not been qualified as an expert. McClure
testified about matters within her personal knowledge; Hamilton did not object on this ground. 
See Tex. R. Civ. Evid. 602. Hamilton provides no authority for his contention that lay witnesses
may not testify about damages when their statements consist of facts and permissible inferences
within their personal knowledge. Further, he has cited no caselaw for his proposition that the
admissible testimony of lay witnesses cannot support a finding of damages without additional
expert testimony. Hamilton's points three through six are overruled.

 Hamilton's points seven through ten claim that the trial court erred when it failed
to find Beneke had breached the parties' contract. The written contract between Hamilton and
Beneke contains language about adjusting the loss sustained. Hamilton, however, attempted to
introduce parol evidence to supplement these terms. Hamilton testified that Beneke's agent told
him that expenses, including the work done by McClure, would be paid for by Beneke out of its
commission from the insurance proceeds. The trial court concluded that Hamilton had
misunderstood this conversation; the agent told him instead that a rider on the insurance contract
would cover these expenses, while certain other expenses, not including those at issue here, would
be paid by Beneke. The testimony by both McClure and Jim Beneke, an officer of Beneke,
supports this finding. There was sufficient evidence for the court to find that the contract between
Hamilton and Beneke did not include any terms that obligated Beneke to pay McClure's charges. 
We overrule points seven through ten. 

 Hamilton's points of error thirteen and fourteen attack the trial court's failure to
find that Beneke violated the DTPA. This DTPA claim was based on the alleged representation
by Beneke's agent to Hamilton that McClure's expenses would be covered by Beneke's
commission. Based on its findings concerning the conversation regarding the breach of contract
issue, the court failed to find any representation was made. The great weight and preponderance
of the evidence does not require a different result; Hamilton's explanation was contradicted by the
testimony of McClure and Jim Beneke, as previously stated. We overrule points thirteen and
fourteen. 

 Points of error eleven and twelve deal with the trial court's denial of Hamilton's
claim that Beneke was negligent. First, Hamilton insists Beneke's agent failed to tell McClure
not to clean the objects she had stored. Since the court found a contract existed between Hamilton
and McClure for cleaning these items and also failed to find that Beneke contracted to assist or
pay for this operation, the court concluded that Beneke owed no duty to Hamilton. We cannot
say this reasoning was incorrect. Second, Hamilton alleges that Beneke negligently failed to
inform him in writing which expenses would be covered by the parties' contract. This allegation
was mentioned briefly during the cross-examination of Jim Beneke; no evidence was introduced
regarding duty, standard of care, proximate cause, or damages. Points eleven and twelve are
overruled.

 Points fifteen through twenty-four complain about the trial court's holding that the
statute of limitations barred Hamilton's claims. Because the trial court denied Hamilton recovery
on other substantive grounds, any error on this procedural issue would be harmless. We overrule
these points.

 Hamilton's final point asserts that the trial judge resigned before signing findings
of fact and conclusions of law. On rehearing, he has moved to amend the record to include these
alleged findings and conclusions he submits were signed but mistakenly omitted. (4) Even if we
granted his untimely motion to amend, there is no evidence in the record of the trial court's
resignation. Finally, even if we granted Hamilton's motion to amend, assumed the occurrence
of the resignation, and sustained his point of error, our result would not change. Hamilton would
not be entitled to a new trial, as he suggests; (5) we would simply be forced to imply findings to
support the trial court's judgment, as we have already done. This point is overruled.

 Beneke argues in its one cross-point that the trial court should have awarded it
attorney's fees of $4,000 for this appeal. The court denied Beneke's claim that Hamilton had
brought his action against it in bad faith or for harassment. No cross-point has been raised
regarding this issue. Beneke appears to believe it should be awarded attorney's fees because it
successfully resisted Hamilton's claims. Without statutory authority, of course, a prevailing party
normally does not recover such fees in Texas. Bray v. Curtis, 544 S.W.2d 816, 820 (Tex. Civ.
App.--Corpus Christi 1976, writ ref'd n.r.e.). We overrule this point.

 The judgment of the trial court is affirmed. 



 

 Marilyn Aboussie, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: February 17, 1993

[Do Not Publish]
1.   All references to the DTPA are to Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West
1987 & Supp. 1992).
2.   Hamilton filed a request for findings of fact and conclusions of law that contained no
specific findings and conclusions he wished the court to adopt. The failure of the trial court
to file findings and conclusions might prevent us from implying that the court had rejected
any actual findings and conclusions Hamilton had requested. See Loomis Int'l v. Rathburn,
698 S.W.2d 465, 467 (Tex. App.--Corpus Christi 1985, no writ). However, when no specific
findings were filed or requested, we must imply findings to support the judgment. Carter v.
William Sommerville and Son, Inc., 584 S.W.2d 274, 276 (Tex. 1979); State v. Glass, 723
S.W.2d 325, 327 (Tex. App.--Austin 1987, writ ref'd n.r.e.) (findings requested but not filed).


 In a three-page letter to the county clerk, Hamilton listed those items he asked the clerk to
include in the transcript. The trial court's findings of fact and conclusions of law are not on the
list, and if any exist they were not included in the transcript. Hamilton attached to his brief an
instrument purporting to be the court's findings, then attacked them in his points of error. After
issuance of our opinion and judgment, Hamilton for the first time filed a motion to supplement
the record on appeal with findings of facts and conclusions of law that were supposedly filed but
not included in the record. However, he further asserts by point of error that these alleged
findings and conclusions, once filed, should then be stricken. If we granted his motion and
sustained his point of error, the situation would remain identical to the one existing now--the
record would contain no findings and conclusions for us to review, and we would have to imply
findings to support the judgment. 
3.   We must imply from the judgment that the court found that McClure could recover on
both her contract claim and her quantum meruit claim, which were pleaded and supported by
evidence at trial.
4.   We note that Hamilton apparently knew no findings were in the record on appeal. The
record contains a letter from Hamilton to the district clerk requesting specific documents he
wanted in the record, including his own request for findings, but not the findings themselves. 
Subsequently, he attached to his appellate brief an instrument not part of the appellate
record but purporting to be the trial court's findings. 
5.   Hamilton's appropriate relief from the absence of a valid filing of findings of facts
would have been to appeal this situation directly at the time of his request for such findings. 
See Tex. R. Civ. P. 299. He then could have received the redress he seeks--specific, validly-filed
findings on which he could base his appeal.