NO. 07-01-0446-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 9, 2001


______________________________



In re DWAIN KUHLER
,




 Relator

_________________________________



ORIGINAL PROCEEDING FOR MANDAMUS


_______________________________



Before QUINN, REAVIS, and JOHNSON, JJ.

 Pending before the court is the petition for writ of mandamus filed by Dwain Kuhler. 
The latter seeks an order directing the Honorable Paula Lanehart, County Court at Law
No. 3, Lubbock County, to afford him 1) a jury trial upon the issue of whether a temporary
guardian should be appointed over the person of Hilda Frances Kuhler and 2) due
process. So too does he request that we declare the temporary guardianship laws
unconstitutional. For the reasons which follow, we deny the writ.

 Jury Trial

 Section 21 of the Probate Code states that in "all contested probate and mental
illness proceedings . . . the parties shall be entitled to trial by jury as in other civil actions." 
It is this provision which Kuhler believes entitled him to a jury trial. However, statute
pertaining to the appointment of a temporary guardian declares that the court shall appoint
same if after conducting a hearing under §875(f)(1) "the court determines that the applicant
has established" the requisite grounds. Tex. Prob. Code Ann. §875(g) (Vernon Supp.
2001) (emphasis added). Nowhere in either §875(g) or any other part of §875 did the
legislature mention the right to a trial by jury. Again, it directed the "court" to assess
whether the prerequisites for such an appointment have been met. And, to the extent that
it used the word "court" and because we must assign words in a statute their plain
meaning, see Tex. Gov't. Code Ann., §312.002(a) & (b), one cannot reasonably argue that
he has a right to have a jury decide same. 

 Simply put, while §21 of the Probate Code deals with the resolution of contested
issues in general, §875 specifically controls the appointment of an interim or temporary
guardian. And, where there may be an apparent conflict between the two provisions, the
statute dealing with the specific topic controls over the other. See Holmes v. Morales, 924
S.W.2d 920, 923 (Tex. 1996) (holding that statutes governing specific issues control over
statutes governing general matter when an apparent conflict exists). So, because §875(g)
governs the specific topic of appointing a temporary guardian and it states that the "court"
must determine the need for same, Kuhler was not entitled to a jury trial. 

 Finally, our holding comports not only with authority applicable to analogous
situations but also §21 of the Probate Code. As to the former, it is clear that one has no
right to have a jury determine whether a temporary injunction should issue. Loomis Intern'l
Inc. v. Rathburn, 698 S.W.2d 465, 468-69 (Tex. App.-Corpus Christi 1985, no writ). This
is so because the proceeding is interlocutory in nature, Campbell v. Peacock, 176 S.W.
774, 777 (Tex. Civ. App.-San Antonio 1915, no writ), and juries decide ultimate issues of
fact. Alamo Title Co. v. San Antonio Bar Assoc., 360 S.W.2d 814, 816 (Tex. Civ.
App.-Waco 1962, writ ref'd. n.r.e.). Because the proceeding is interlocutory, the findings
made by the trial court viz the decision to grant a preliminary injunction are not conclusive
of the ultimate factual disputes. Rather, the court merely decides if some judicial
intervention is needed to protect a litigant while the controversy winds its way to final
adjudication by the ultimate fact-finder. The situation is no different when a temporary
guardian is sought. Much like a temporary injunction, a temporary guardian may be
appointed only when imminent danger of injury to one's health, safety or property exists
and immediate action is needed to ameliorate the danger. Tex. Prob. Code Ann. §875(g). 
Furthermore, and again like a temporary injunction, the effectiveness of the interlocutory
act dissipates upon final resolution of the ultimate dispute. See id. at §875(k) (stating that
the term of the temporary guardian expires at the conclusion of the hearing challenging or
contesting the application or on the date a permanent guardian appointed by the court
qualifies as same). So, to the extent that the appointment of a temporary guardian is
comparable to the issuance of a temporary injunction, it is reasonable to treat the two alike
when it comes to the availability of a jury. Thus, one has no right to have a jury determine
whether a temporary guardianship should be appointed.

 And, as to our decision's comportment with §21, it must be remembered that the
provision entitles one to a jury "as in other civil actions." Given that juries are unavailable
when interlocutory relief is sought in other civil actions (such as one for injunctive relief),
they are unavailable here as well. So, our holding comports with §21.


 Constitutionality of the Temporary Guardianship Statutes

 Mandamus will issue only if 1) the trial court clearly abused its discretion or violated
a duty imposed by law and 2) the complainant has no adequate legal remedy. In re Daisy
Mfg. Co., 17 S.W.3d 654, 658 (Tex. 2000). Implicit within this standard is the need for the
court to have acted in a matter considered objectionable. Here, Kuhler provided us with
neither an order nor evidence illustrating that the trial court addressed and rejected his
contention regarding the constitutionality of temporary guardianships. 

And, to the extent that the trial court did not address the contention, we cannot hold that
it clearly abused its discretion or violated a duty imposed by law.

 Furthermore, one seeking mandamus relief must provide the court with clear and 
concise argument for the contentions made with citation to authority and the record or
appendix. Tex. R. App. Proc. 52.3 (h). This duty entails more than proffering mere
conclusions. Rather, the relator must provide substantive analysis or discussion of the
facts and authorities relied upon, Howell v. Murray Mortgage Co., 890 S.W.2d 78, 81 (Tex.
App.-Amarillo 1994, writ denied) (applying Rule 74(f) of the rules of appellate procedure
which rule is identical to Rule 52.3(h)), especially when broaching issues of constitutional
magnitude. Bullard v. State, 891 S.W.2d 14, 15 (Tex. App.-Beaumont 1994, no pet.). 
Here, the sum of Kuhler's argument consisted of his merely 1) stating that "[b]ased upon
the facts of this case, due process was clearly violated by the trial court" and 2) quoting
three sentences from Krause v. White, 612 S.W.2d 639 (Tex. App.-Houston [14th Dist.]
1981, writ ref'd n.r.e.). No substantive analysis was offered.

 Nor do we consider the quotation of an excerpt from Krause as adequate substitute
for such missing analysis. This is so because the allusion, in Krause, to the
constitutionality of temporary guardianships was clearly dicta and that dicta related to
sections of the Probate Code other than §875. Having failed to address the constitutional
status of temporary guardianships after the 1993 enactment of §875 (the provision under
which the trial court at bar acted), the dicta recited in Krause and relied upon by Kuhler is
of little use at bar. (1) 

 In short, Kuhler provided neither argument nor applicable authority illustrating why
temporary guardianships authorized by §875 of the Probate Code were unconstitutional. 
Consequently, he failed to comply with Rule 52.3(h) and waived the contention. 

 Due Process

 As previously mentioned, mandamus can issue only when a clear abuse of
discretion has occurred and the applicant lacks adequate legal remedy. In re Daisy Mfg.
Co., supra. Moreover, the burden lies with the relator or applicant to satisfy both elements. 
In re Carter, 958 S.W.2d 919, 922 (Tex. App. - Amarillo 1997, no pet.). Here, Kuhler did
not argue that he lacked adequate legal remedy. He simply contends that the trial court
violated due process in purportedly denying him opportunity to present evidence at the
interim hearing. To the extent that he makes no effort to illustrate the want of adequate
legal remedy, it cannot be said that he carried his burden.

 Second, rule of procedure obligates an applicant for writ of mandamus to verify all
factual allegations contained in his petition. Tex. R. App. Proc. 52.3. The petition of
Kuhler is replete with factual allegations, not the least of which is that the trial court
conducted no evidentiary hearing before confirming its prior appointment of a temporary
guardian. (2) Nor did Kuhler attach a transcription of the hearing which Kuhler indicates was
convened by the court before issuing the order in dispute. Had such a transcription been
provided, we could have overlooked the failure to verify the petition and assessed the
accuracy of the factual allegations. Yet, without either, we have no competent evidence
supporting his allegations. In short, it appears that something happened at the hearing
from which this mandamus arose. And, before we can determine whether what transpired
effectively denied anyone due process, we would have to know what process, if any, was
given. Without a transcription of the hearing for us to peruse or comparable, probative
evidence illustrating what happened, we can hardly conclude that what occurred at the
hearing resulted in the deprivation of any due process to which Kuhler may have been
entitled. 

 Third, it is well settled that before one is entitled to due process, he must have a
property right or liberty interest subject to loss or injury. University of Texas Medical
School v. Than, 901 S.W.2d 926, 929 (Tex. 1995) (stating that the review of a due process
claim begins with determining whether the complainant has a liberty or property interest
entitled to protection). The existence of such a property right or liberty interest goes
unmentioned by Kuhler. The latter simply asserts that he was denied due process. In
failing to argue and establish that he enjoyed such a right or interest and that the trial
court's actions deprived him of same, the prerequisites for issuing mandamus went
unsatisfied. (3) 

 For the foregoing reasons, we deny the petition for writ of mandamus.


 Brian Quinn

 Justice


Publish. 

 




1. We view the comments in Krause regarding the constitutionality of temporary guardianships as
dicta because the appellate panel there held that it had no jurisdiction to entertain the appeal. And, to the
extent that it had no jurisdiction over the appeal, it surely had no jurisdiction to substantively comment upon
anything other than jurisdiction.
2. While Kuhler suggests that those seeking the appointment of the temporary guardian presented no
evidence at the hearing supporting their claim, he nevertheless states that the court heard from "one unsworn
witness." So too does he state that he "presented a Declaration of Guardianship to the [trial] [c]ourt." To the
extent that information or documentation was presented to the trial court for its consideration, it would be
imperative for Kuhler to present us with a transcription of the hearing at which that information was offered. 
"[I]n determining whether mandamus should issue, we cannot plumb the subjective reasoning of the trial
court. We must focus on the record that was before the court and whether the decision was not only arbitrary
but also amounted 'to a clear and prejudicial error of law.'" In re Bristol-Myers Squibb Co., 975 S.W.2d 601,
604-605 (Tex. 1998). This is especially so when, as here, we are left guessing at what occurred at and the
nature of the hearing. 
3. The failure to discuss the existence of a right or interest is of particular import here given that §875
speaks of according the respondent or potential ward the opportunity to receive prior notice of the hearing,
legal representation, opportunity to present evidence and confront witnesses, and the opportunity to close
the proceedings. Tex. Prob. Code Ann. §875(f)(1) (Vernon Supp. 2001). In creating this distinct
interlocutory procedure the legislature said nothing of affording third-parties over whom a temporary guardian
was being appointed opportunity to appear and dispute the application. And, while we do not hold that such
third-parties cannot intervene, Kuhler's addressing that issue was imperative since one of the opposing
parties argued in its brief that he had no such right. 


:LsdException Locked="false" Priority="63" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 1 Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-09-0273-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                           SEPTEMBER
7, 2010

                                            ______________________________

 

                                                            JASMIN DELIJEVIC, 

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

                                                                                                            Appellee

                                           _______________________________

 

                     FROM THE 181ST DISTRICT
COURT OF RANDALL COUNTY;

 

                                NO.  19034-B; HON. JOHN B. BOARD, PRESIDING

                                           _______________________________

 

            Opinion

_______________________________

 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ.

            Jasmin Delijevic (appellant) appeals
his conviction for possessing a controlled substance and contends that the
trial court erred in failing to 1) grant his motion to suppress evidence, 2)
allow him an opportunity to examine a computer within the States possession,
and 3) instruct the jury regarding the purportedly unlawful stop and the
admissibility of the evidence obtained as a result of that stop.  We affirm.

 

Background

            Officer Elizabeth Allen with the
Amarillo Police Department testified that she stopped the car in which appellant
rode due to [a]n improper left turn, . . . and also
an expired registration.  After
approaching the vehicle, she received identification from both the driver and appellant.  Furthermore, appellant requested leave to go
to the bathroom.  That leave was
temporarily denied him so that she could first determine if there were any
outstanding warrants encompassing either individual.  And, as she was returning to her squad car, the
officer saw appellant reaching down into the floorboard area and looking back
over his shoulder displaying some furtive movement.  It appeared to her that appellant was trying
to secrete or retrieve something, and she grew concerned for her safety.  

            Though no outstanding warrants were
discovered, the officer solicited backup because she intended to arrest the
driver.  Apparently, he had committed a
plethora of traffic violations, which included his operation of the vehicle
without insurance.  The backup arrived.  At that point, Officer Allen asked appellant
to step out of the vehicle and for consent to search his person.  Appellant acceded to both requests.  It was during that search that
methamphetamine was discovered on appellants person.    

Issue One  Suppression of Evidence

            Appellant contends that he was
denied due process and a fair trial when the trial court failed to grant his
motion to suppress evidence.  Suppression
was allegedly required because there was no basis justifying either the initial
stop of the car or ensuing search of appellant. 
 We overrule the issue.

            As described above under Background,
the record contains evidence from which reasonable minds could have concluded
that the vehicles driver committed various traffic violations in the presence
of the officer.  Furthermore, an officer
may legitimately stop those committing traffic violations.  State v. Patterson, 291 S.W.3d 121, 123 (Tex. App.Amarillo 2009, no pet.).  So too could reasonable minds have deduced,
from the evidence of record, that the eventual search of appellant was
consensual.  Given this, we cannot say
that the decision to deny the motion to suppress fell outside the zone of reasonable
disagreement and evinced an instance of abused discretion.   Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (discussing the
pertinent standard of review and our need to defer to the trial courts
interpretation of evidence and resolution of historical fact).

Issue Two  Computer Examination

            In his second issue, appellant
contends that the trial court erred by refusing to abide by art. 39.14(a) of
the Texas Code of Criminal Procedure and allow him to examine a computer in
the possession of the State that may have produced exculpatory evidence of the
actual events occurring during the stop in which evidence was seized, and of
evidence tampering by the State.  That
is, the trial court allegedly erred in prohibiting him from inspecting a computer
hard drive to determine if a video of the entire stop could be located on
it.  We overrule the issue for several
reasons.

            First, appellant failed to inform us
of where in the record the trial court denied his request to examine the
computer.  Instead, he directs us to a
passage in the record wherein the court refused to pay $3,300 to a supposed
expert in California to inspect the machine and determine whether more data
than what he already had appeared in it. 
This is problematic because saying that the computer cannot be inspected
is one thing.  Saying that the court will
not approve the expenditure of a large sum of money to a particular person to
conduct an inspection is something else. 
And, while the latter may have happened, we cannot find anything of
record illustrating that the former occurred as well.  Simply put, we cannot find where the trial
court did that of which appellant now complains.   Tex. R. App. P. 33.1(2)(A) (holding that before an objection is preserved for
review, the trial court must rule on it).   


            Nor do we read appellants complaint
as attacking the trial courts refusal to approve the expenditure of $3,300.  Indeed, whether that sum was reasonable goes
unaddressed by appellant.  Nor does he seem
to contend that but for the expenditure of $3,300, the computer could not be
inspected.  So, the validity of the
ruling actually made by the court is not attacked.    

            And, finally, we find the wording of
art. 39.14(a) would seem to prevent us from finding merit in appellants
contention.  That provision allows for
the inspection of items which constitute or contain evidence material to any matter involved in the action and
which are in the possession, custody or
control of the State . . . .  Tex. Code Crim. Proc. Ann. art. 39.14(a) (Vernon Supp.
2009) (emphasis added).  When deciding
whether to grant appellants discovery request, the trial court heard evidence explaining
why a video memorializing the entire stop was and could not be produced.  This led the trial judge to comment that the
evidence helps me understand that I dont believe this outfit in California .
. . would be able to get any information other than what theyve already been
provided.  One can reasonably interpret
this utterance as the court opining that the computer did not contain the
additional evidence sought by appellant. 
And, if it did not contain material evidence, its inspection was not
mandated by art. 39.14(a).  Moreover,
appellant cites us to nothing of record suggesting that the trial court was mistaken
in so concluding.  Given this, we cannot
say that any purported decision to withhold inspection of the computer
constituted an abuse of discretion.

Issue
Three  Jury Instruction

            In his final issue, appellant
contends the trial court erred in failing to provide the jurors instructions
conforming to articles 38.22 and 38.23 of the Code of Criminal Procedure.  Both articles touch upon the admissibility of
inculpatory statements made by the accused and/or evidence obtained through the
detention or search of the accused.  We
overrule the issue.

            Despite proffering statements of law
and excerpts from the Code of Criminal Procedure, appellant makes no effort to
analyze how those things applied to the circumstances before us.  Nor does he identify for us the written or
oral statement upon which he founds his art. 38.22 complaint.  Similarly missing is any discussion about the
presence of a custodial interrogation, which that same article mandates.  Herrera
v. State, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007) (holding that article
38.22 applies only to statements garnered through custodial interrogation).  

            Also apparent is appellants failure
to specify any evidentiary conflict regarding the manner and means utilized by
the officers in obtaining the evidence of his guilt.  Such a conflict is a prerequisite to the
application of art. 38.23. 
Oursbourn v. State, 259 S.W.3d 159, 177 (Tex.
Crim. App. 2008) (stating that art. 38.23 applies when there exists material
questions of fact regarding whether the evidence was obtained lawfully).  Instead, appellant simply concludes that the trial
court erred in failing to submit particular instructions.  Such a conclusion is not enough to comply
with the briefing requirements of Rule 38.1(i) of the
Texas Rules of Appellate Procedure or to preserve the complaint.  See
Cardenas v. State, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (holding that
the failure to cite to authority and present argument constitutes inadequate
briefing).

            The judgment of the trial court is
affirmed.

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

Publish.